FILED
IN CLERKS OFFICE
U.S. DISTRICT COU͏͏ ͏ N.Y:

★ OCT 16 2002 ★

TIME ̲P.M. _____
A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X

Richard Wolin,

                              Plaintiff,                    CV-02-3119 (CPS)

              - against -                                   MEMORANDUM
                                                            AND ORDER
New York City Board of Education
*et alia*,

                              Defendants.

-------------------------------------------------X

SIFTON, Senior Judge.

        Plaintiff Richard Wolin ("plaintiff") brings this
action against defendants the New York City Board of Education
("BOE") and the City of New York (collectively, the "municipal
defendants"); John Q. Adams, Neal Opromalla, Thomas W. Hyland,
Vincent Grippo, Thomas Pennell, and Theresa Europe, individually
and as employees (collectively, the "individual defendants"); and
the United Federation of Teachers ("UFT") and Marvin Reiskin,
individually and as a representative (collectively, the "union
defendants").  The complaint asserts claims under federal, state,
and local anti-discrimination and civil rights statutes under the
Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601 *et seq.*,
and in common law tort.  Plaintiff seeks declaratory and
injunctive relief, compensatory and punitive damages, and other
appropriate relief.  The union defendants now move under Federal
Rule of Civil Procedure 12(b)(6) to dismiss plaintiff's federal

ECF #19

- 2 -

claims against them, arguing that the Court should decline
jurisdiction over plaintiff's remaining state law claims.
Plaintiff cross-moves under Federal Rule of Civil Procedure 15(a)
for leave to amend the complaint in the event the Court grants
the union defendants' motion.  For the reasons stated below,
defendants' motion is denied.

### BACKGROUND

For the purposes of the motion to dismiss, I assume the
following facts alleged in the complaint to be true.  *See, e.g.,*
*Leatherman v. Tarrant County Narcotics Intelligence and*
*Coordination Unit*, 507 U.S. 163, 164, (1993); *Koppel v. 4987*
*Corp.*, 167 F.3d 125, 127 (2d Cir. 1999); *In re Sterling Foster &*
*Co., Inc., Securities Litigation,* 2002 WL 1394610, at *20
(E.D.N.Y. 2002).  I will not consider any matters outside the
pleadings submitted by either party and will not treat this
motion as one for summary judgment.  *See* Fed. R. Civ. P.
12(b)(6); *Leonard F. v. Israel Discount Bank of N.Y.*, 199 F.3d
99, 107 (2d Cir. 1999).  Only the facts relevant to the present
motion will be discussed.

Plaintiff began working as a teacher for defendant BOE
in or about September of 1988.  He was assigned to the Christa
McAuliffe Intermediate School, I.S. 187, in School Board District
20, where he received consistent satisfactory ratings up to the
time of the events at issue in the complaint.  While so employed,
plaintiff was a member of UFT.  During some undetermined portion

- 3 -

of this time period, plaintiff suffered from a long-term drug dependency.

On January 6, 2001, plaintiff was involved in a car accident and suffered serious physical injury.  As a result, plaintiff telephoned defendant Adams, principal of I.S. 187, to inform him of the accident and of plaintiff's need of an extended leave.  On January 23, 2001, plaintiff was informed in writing by the District 20 office that he would be required to take FMLA leave as of January 5, 2001.  Plaintiff obtained a physician certification estimating that plaintiff would require approximately two months' leave, from January 6 to March 5, 2001.

Meanwhile, on January 21, 2001, plaintiff entered a three-week drug treatment program.  On January 26, 2001, plaintiff, in a telephone conversation with defendant Reiskin, his union representative, told Reiskin about plaintiff's participation in the drug treatment program.  On the next business day, January 29, 2001, BOE received an anonymous communication reporting that plaintiff had a drug dependency and was in a drug treatment facility.  On January 30, 2001, defendant Pennell, Chief Investigator of the Special Commissioner of Investigation for the New York City School District ("SCI"), wrote to defendant Europe, Director of the Office of Special Investigations ("OSI"), informing her of the anonymous tip and requesting that she take action against plaintiff.

Plaintiff remained on leave after the completion of the drug treatment program in order to fully recover from the

- 4 -

injuries he sustained in the January 6 car accident.  He was
instructed to report for a physical examination on February 26,
2001, after which he was found fit to return to work and was
instructed to report to the District 20 office to meet with
defendant Grippo, District 20 Community Superintendent.
Plaintiff met with Grippo on February 28, 2001, and was informed
that he was under investigation, although the nature of the
investigation was not revealed to him.  Grippo told plaintiff
that he was not satisfied with the results of the February 26
physical examination and instructed him to submit to another
examination on March 27, 2001.  Meanwhile, plaintiff was assigned
to the District office rather than the classroom for work and was
given no meaningful duties.

     Plaintiff reported to the March 27 examination as
instructed.  While waiting to see the examining physician, a
psychiatrist, plaintiff was given a copy of an SCI complaint form
dated January 29, 2001.  The complaint form referred to the
anonymous tip of that date, which alleged that plaintiff was a
heroin addict as of that date and was on sick leave while in a
drug rehabilitation program.  After the March 27 examination,
plaintiff was found not fit to work and was scheduled to be re-
examined after three weeks.  On April 17 plaintiff was re-
examined by a psychiatrist and found fit to return to the
classroom, with re-evaluation to follow after two months.
However, plaintiff was not reassigned to the classroom and

continued to be assigned to the District 20 office with no meaningful duties.

Plaintiff was instructed to report to a meeting on May 31, 2001, in Grippo's office. Present at the meeting were defendant Opromalla, special assistant to the Superintendent, and defendants Reiskin, Grippo, and Adams. The meeting was convened to discuss an OSI report detailing an investigation of plaintiff arising out of the anonymous tip. The report was in the form of a memorandum from a confidential investigator to defendant Hyland, Deputy Director of the Office of the Chancellor of the BOE. At the meeting, plaintiff admitted that he had attended a drug treatment facility and that he had previously suffered from a drug dependency problem but asserted that his treatment had been successful. A letter dated June 12, 2001, from the facility where plaintiff had undergone treatment confirmed plaintiff's assertion. On June 15, 2001, plaintiff was again found fit to work.

By letter dated June 21, 2001, plaintiff was informed that his position as a teacher was terminated, that he was being rated unsatisfactory, and that he was being placed on BOE's ineligible inquiry list, barring him from future employment at BOE. On or about February 19, 2002, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission,, and received a right to sue letter on or about March 14, 2002. Plaintiff filed a notice of claim and intention to sue against the municipal defendants on April 25, 2002, and the municipal

- 6 -

defendants did not make an adjustment or payment on plaintiff's
claims within thirty days of that notice.  Plaintiff filed the
complaint in the present action on May 28, 2002.

DISCUSSION

Plaintiff asserts five claims for relief against the
union defendants.  His only federal claim for relief arises under
42 U.S.C. § 1985(3).  Plaintiff alleges that the union defendants
conspired with all the other defendants "for the purpose of
depriving Plaintiff of equal protection of the laws or of equal
privileges or immunities under the law" on account of his
disability.  (Compl. ¶ 129, 130.)  Plaintiff also raises claims
for relief under state statutory and common law.  He alleges that
the union defendants violated the New York Human Rights Law
("NYHRL") and the New York City Administrative Code ("NYCAC") in
that they aided and abetted the municipal defendants'
discriminatory actions against him or incited, compelled, or
coerced the municipal defendants to violate the NYHRL and the
NYCAC, or that they attempted to do so.  Plaintiff also asserts
common law claims for relief based on intentional infliction of
emotional distress, defamation, and prima facie tort.  The union
defendants move to dismiss plaintiff's claims against them on
three grounds.  First, they argue that plaintiff has not pled
sufficient facts to support a claim of conspiracy against them.
Second, they argue that defendant cannot establish that their
actions proximately caused plaintiff's injury.  Third, they argue
that, once plaintiff's federal law claim against them has been

dismissed, the Court should decline to exercise jurisdiction over plaintiff's remaining state law claims.

In considering a motion to dismiss under Rule 12(b)(6), the Court must construe the complaint liberally, accepting all factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor. *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir. 2002). "Dismissal is inappropriate unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief." *Id.* (internal quotation marks and citation omitted). This standard is particularly strict in cases alleging civil rights violations. *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991).

### Sufficiency of Complaint on § 1985(3) Claim

The Federal Rules of Civil Procedure set forth a liberal pleading standard. Generally, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of the complaint is merely to give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *See Leatherman*, 507 U.S. at 168; *Conley v. Gibson*, 355 U.S. 41, 47 (1957). However, the Second Circuit has adopted heightened pleading requirements in actions alleging a conspiracy to violate civil rights. *Angola v. Civiletti*, 666 F.2d 1, 4 (2d Cir. 1981). In such cases, fact pleading is

- 8 -

required.  *Id.; see also White v. Frank*, 680 F. Supp. 629, 639
(S.D.N.Y. 1988).

Plaintiff argues that the Supreme Court's recent
decision in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002),
combined with its decision in *Leatherman*, 507 U.S. 163, overrules
cases such as *Angola* which impose a heightened pleading standard
in civil rights conspiracy actions.  The Court in *Swierkiewicz*
overruled Second Circuit precedent requiring that plaintiffs in
Title VII and ADEA employment discrimination actions plead the
elements of a prima facie case under the standard set down in
*McDonnell Douglas v. Green*, 411 U.S. 792 (1973).  In *Leatherman*,
the Court struck down the Fifth Circuit's heightened pleading
requirement in Section 1983 actions alleging municipal liability.
There is certainly language in these cases to suggest that fact
pleading may only be required under Federal Rule of Civil
Procedure 9(b), where a complaint alleges fraud or mistake.  *See*
*Swierkiewicz*, 534 U.S. at 998-99; *Leatherman*, 507 U.S. at 168.
However, the Supreme Court ruled directly only on the issue of
heightened pleading requirements with respect to municipal
liability under Section 1983 and employment discrimination under
Title VII and the ADEA.  District courts in this Circuit continue
to require plaintiffs to plead their allegations of conspiracy to
violate civil rights with factual specificity.  *See, e.g.,*
*Delbene v. Alesio*, 2001 WL 170801, at *10 (S.D.N.Y. 2001);
*Pollack v. Nash*, 58 F. Supp. 2d 294, 300 (S.D.N.Y. 1999).  Absent
a direct ruling from the Supreme Court on the Second Circuit's

- 9 -

requirement that plaintiffs who allege conspiracy to violate
civil rights plead the facts of their claims with particularity,
this Court will continue to follow Second Circuit precedent.

Defendants analyze plaintiff's federal claim as a
Section 1983 conspiracy. While it is true that private parties
may be held liable under Section 1983 if they conspire with
public officials to deny a plaintiff some federally protected
right, *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998),
plaintiff does not include the union defendants in his Section
1983 claim. Rather, he separately alleges a Section 1985
conspiracy in which all defendants participated. It would thus
be inappropriate to dismiss his Section 1985 claim based on the
insufficiency of his Section 1983 claim, as defendants suggest.
(*See* Union Defs.' Mem. Supp. Mot. to Dismiss 5 & n.27); *Ferran v.
Town of Nassau*, 11 F.3d 21, 23 (2d Cir. 1993), *cert. den.*, 513
U.S. 1014 (1994) (dismissing as unnecessary plaintiff's Section
1985 claim because it merely duplicated a part of plaintiff's
Section 1983 claim, which survived a motion to dismiss). For
purposes of the present motion, Section 1985 and the case law
interpreting it provide the relevant standards.

Section 1985 provides a right of action where —

>    two or more persons in any State or Territory conspire
>    ... for the purpose of depriving, either directly or
>    indirectly, any person or class of persons of the equal
>    protection of the laws, or of equal privileges and
>    immunities under the laws; or for the purpose of
>    preventing or hindering the constituted authorities of
>    any State or Territory from giving or securing to all
>    persons within such State or Territory the equal
>    protection of the laws; ... in any case of conspiracy

- 10 -

> set forth in this section, if one or more persons
> engaged therein do, or cause to be done, any act in
> furtherance of the object of such conspiracy, whereby
> another is injured in his person or property, or
> deprived of having and exercising any right or
> privilege of a citizen of the United States.....

42 U.S.C. § 1985(3).  To state a cause of action under this

section, a plaintiff must allege four elements:  (1) a conspiracy

(2) for the purpose of depriving a person or class of persons of

the equal protection of the laws or the equal privileges and

immunities under the laws; (3) an overt act in furtherance of the

conspiracy; and (4) an injury to the plaintiff's person or

property or a deprivation of a right or privilege of a citizen of

the United States.  *Griffin v. Breckenridge*, 403 U.S. 88,

102-03, (1971); *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999).

     With respect to the first element, "[a] conspiracy need

not be shown by proof of an explicit agreement but can be

established by showing that the parties have a tacit understand-

ing to carry out the prohibited conduct."  *Thomas*, 165 F.3d at

146 (citation and internal quotation marks omitted).  Plaintiff

alleges that all the defendants "acted in concert to try and

eliminate teachers who had suffered in the past from drug

dependencies." (Compl. ¶ 131.)  He alleges that the union

defendants secretly communicated with the other defendants as

part of a plan to terminate him on grounds of his disability and

that the municipal and individual defendants terminated him as a

part of the conspiracy.  He has set forth detailed facts

concerning the employment actions taken against him and the

- 11 -

participation of all defendants in those actions.  Furthermore,
although he does not specifically allege that the anonymous tip
of January 29 came from defendant Reiskin, plaintiff's
description of the circumstances surrounding the anonymous tip,
combined with his allegation of secret communications between the
union defendants and the other defendants, gives rise to a
reasonable inference that Reiskin was the source.  These
allegations, taken together, could reasonably give rise to an
inference that the defendants tacitly or explicitly agreed to
terminate plaintiff because of his former drug dependency.  Thus,
under the standards applicable to a Rule 12(b)(6) motion to
dismiss, plaintiff has satisfactorily alleged the first element
of a claim under Section 1985(3).

     With respect to the second element of a valid claim,
courts have consistently held that the alleged conspiracy must be
motivated by "some racial or perhaps otherwise class-based,
invidious discriminatory animus behind the conspirators' action."
*Griffin*, 403 U.S. at 102.  It is unclear whether a classification
other than one based on race can provide the basis for a Section
1985 claim.  Although the Supreme Court has left open the
possibility that some other class-based discriminatory animus
might qualify, it has never so held with respect to any
classification other than race.  *See, e.g.*, *Bray v. Alexandria
Women's Health Clinic*, 506 U.S. 263, 269 (1993) ("Women seeking
abortion is not a qualifying class." (internal quotation marks
omitted)); *United Bhd. of Carpenters and Joiners of Am., Local*

*610 v. Scott*, 463 U.S. 825; 838 (1983) (holding that associations based on commercial or economic interest do not qualify as a class for purposes of Section 1985). Defendants, relying on their analysis under Section 1983, do not argue that disability does not qualify for protection from class-based animus under Section 1985, nor do they address whether plaintiff's drug dependency constitutes a disability at all. *Compare Trautz v. Weisman*, 819 F. Supp. 282 (S.D.N.Y. 1993) (finding that individuals with disabilities may be protected); *with* D'Amato v. Wisconsin Gas Co., 760 F.2d 1474 (7th Cir. 1985) (finding handicapped persons not protected); *Wilhelm v. Continental Title Co.*, 720 F.2d 1173 (10th Cir. 1983), *cert. den.*, 465 U.S. 1103 (same). Because issue has not been joined with respect to the question, I decline to dismiss on the ground that plaintiff has failed to plead the second element of a Section 1985 claim.

The third element of a Section 1985 claim requires plaintiff to "allege, with at least some degree of particularity, overt acts which defendants engaged in which were reasonably related to the promotion of the claimed conspiracy." *Thomas*, 165 F.3d at 147. Here, as noted above, plaintiff has alleged that the union defendants "secretly communicated" with the other defendants in furtherance of the alleged conspiracy. These secret communications can be inferred to include the anonymous tip referred to numerous times in the complaint. Plaintiff has also alleged the union defendants' participation in meetings at

which adverse employment action against him was taken.   These
allegations are sufficient to survive a motion to dismiss.

Finally, plaintiff has satisfied the fourth and final
element of a Section 1985 claim regarding damages.   Plaintiff's
complaint includes numerous allegations of injury to person and
property as a result of the conspiracy.   (*See, e.g.*, Compl.
¶¶ 132, 136.)   Plaintiff's Section 1985 claim is therefore
sufficient to survive the present motion to dismiss.

<u>Proximate Cause</u>

The union defendants further argue that plaintiff's
federal claim against them should be dismissed because the
intervening acts of the BOE investigation and plaintiff's
admissions concerning his former drug dependency and treatment
preclude a finding that their acts proximately caused plaintiff's
injuries.   Plaintiff argues in response that proximate causation
is not an element of a conspiracy claim under Section 1985(3) and
that, even if it were, proximate cause is a factual issue
inappropriate for consideration on a motion to dismiss under Rule
12(b)(6).

As a preliminary matter, contrary to plaintiff's
argument, there is authority that a plaintiff must establish
proximate causation on a Section 1985(3) claim.   *See, e.g.,*
*Arnold v. International Business Machines Corp.*, 637 F.2d 1350,
1355 (9th Cir. 1981); *Agugliaro v. Brooks Bros., Inc.*, 802 F.
Supp. 956, 961 (S.D.N.Y. 1992) (quoting *Richards v. New York*
*State Department of Correctional Services*, 572 F. Supp. 1168,

- 14 -

1174 (S.D.N.Y. 1983)); *Bodenmiller v. Stanchfield*, 557 F. Supp.
857, 860 (S.D.N.Y. 1983).  However, "[i]ssues of proximate cause
are normally questions of fact for the jury to decide, unless the
court concludes that a reasonable jury could reach only one
conclusion." *Packer v. Skid Roe, Inc.*, 938 F. Supp. 193, 196
(S.D.N.Y. 1996).  On a motion to dismiss under Rule 12(b)(6), the
Court's role is not to weigh evidence but to determine whether
there is any possibility that plaintiff will be able to prove
facts that will entitle him to relief.  *See Chambers,* 282 F.3d at
152.  Given the factual allegations in the complaint,
particularly with regard to communications between the union
defendants and the other defendants, it is certainly possible
that plaintiff will be able to prove facts sufficient to convince
a reasonable juror that the union defendants' actions proximately
caused plaintiff's injuries.  Defendants' motion on this ground
is therefore denied.

### State Law Claims

Because I am denying defendants' motion to dismiss
plaintiff's federal claim against them, their argument that I
should decline to retain supplemental jurisdiction over
plaintiff's state law claims is misplaced.  *See* 28 U.S.C.
§ 1367(c).  The motion is therefore denied.

### CONCLUSION

For the foregoing reasons, defendants' motion to
dismiss is denied.  In light of this ruling, I have no occasion
to consider plaintiff's cross-motion.

- 15 -

The Clerk is directed to furnish a filed copy of the within to all parties and to the magistrate judge.

SO ORDERED.

Dated :   Brooklyn, New York
          October     , 2002

ict Judge