UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

RICHARD WOLIN,

       Plaintiff,

   -v-                                                         CV-02-3119   (CPS) (MDG)

THE NEW YORK CITY BOARD OF EDUCATION,
THE CITY OF NEW YORK, AND JOHN Q. ADAMS,
NEAL OPROMALLA, THOMAS W. HYLAND
VINCENT GRIPPO, THOMAS PENNELL AND
THERESA EUROPE Individually and as employees,
UNITED FEDERATION OF TEACHERS, and
MARVIN REISKIN, individually and as a representative,

       Defendants.
------------------------------------------------------------------------X

      Defendants UNITED FEDERATION OF TEACHERS ("UFT") and MARVIN REISKIN, ("union defendants") by their attorney, JAMES R. SANDNER (Conrad W. Lower and Neil J. Dudich, Of Counsel), as and for an answer to the complaint ("complaint") in the above captioned action, states:

1.     Admit that plaintiff brought his action to remedy alleged employment discrimination; deny that plaintiff suffered any employment discrimination or other violations of his rights caused by the union defendants.

2.     Plaintiff's FMLA claims are not brought against the union defendants, and union defendants therefore neither admit nor deny the allegations of ¶ "2" of the complaint.

3.     Admit that plaintiff brought his action pursuant to the identified statutes; deny that plaintiff suffered any violation of his rights caused by the union defendants.

4.     Admit that plaintiff brought his action to recover damages; deny that plaintiff incurred any damages caused by the union defendants.

NYC Legal/68284

5. Admit that plaintiff brought his action to obtain relief; deny that plaintiff is entitled to any relief from the union defendants.

6. Union defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in ¶ "6" of the complaint, and therefore neither admit nor deny the same.

7. Union defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in ¶ "7" of the complaint, and therefore neither admit nor deny the same.

8. Union defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in ¶ "8" of the complaint, and therefore neither admit nor deny the same.

9. Admit that plaintiff seeks to invoke the jurisdiction of Court under the identified statutes; deny that assumption of jurisdiction by the Court over the claims against the union defendants is authorized or warranted.

10. Admit that union defendants regularly do business within the Eastern District of New York, and that venue is proper in this Court; deny the remaining allegations of ¶ "10" of the complaint.

11. Union defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in ¶ "11" of the complaint, and therefore neither admit nor deny the same.

12. Admit that plaintiff was involuntarily terminated effective June 30, 2001; Union defendants deny knowledge or information sufficient to form a belief as to the truth or

falsity of the remaining averments set forth in ¶ "12" of the complaint, and therefore neither admit nor deny the same.

13. Admit.

14. Admit.

15. Admit.

16. Admit.

17. Admit.

18. Admit.

19. Admit.

20. Admit.

21. Admit.

22. Admit.

23. Admit.

24. Admit.

25. Admit.

26. Admit that plaintiff was assigned to I.S. 187; deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining averments set forth in ¶ "26" of the complaint, and therefore neither admit nor deny the same.

27. Union defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in ¶ "27" of the complaint, and therefore neither admit nor deny the same.

NYC Legal/68284

28. Union defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in ¶ "28" of the complaint, and therefore neither admit nor deny the same.

29. Union defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in ¶ "29" of the complaint, and therefore neither admit nor deny the same.

30. Union defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in ¶ "30" of the complaint, and therefore neither admit nor deny the same.

31. Union defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in ¶ "31" of the complaint, and therefore neither admit nor deny the same.

32. Union defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in ¶ "32" of the complaint, and therefore neither admit nor deny the same.

33. Union defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in ¶ "33" of the complaint, and therefore neither admit nor deny the same.

34. Union defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in ¶ "34" of the complaint, and therefore neither admit nor deny the same.

35. Union defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in ¶ "35" of the complaint, and therefore neither admit nor deny the same.

36. Admit that plaintiff was a member of the UFT and that plaintiff had a telephone conversation with defendant Reiskin on or about Juanuary 26, 2001; deny the remaining allegations of ¶ "36" of the complaint.

37. Admit.

38. Union defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in ¶ "38" of the complaint, and therefore neither admit nor deny the same.

39. Union defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in ¶ "39" of the complaint, and therefore neither admit nor deny the same.

40. Union defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in ¶ "40" of the complaint, and therefore neither admit nor deny the same.

41. Union defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in ¶ "41" of the complaint, and therefore neither admit nor deny the same.

42. Union defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in ¶ "42" of the complaint, and therefore neither admit nor deny the same.

43. Union defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in ¶ "43" of the complaint, and therefore neither admit nor deny the same.

44. Union defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in ¶ "44" of the complaint, and therefore neither admit nor deny the same.

45. Denies having knowledge or information sufficient to form a belief as to the truth of the averments set forth in ¶ "45" of the complaint.

46. Union defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in ¶ "46" of the complaint, and therefore neither admit nor deny the same.

47. Union defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in ¶ "47" of the complaint, and therefore neither admit nor deny the same.

48. Union defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in ¶ "48" of the complaint, and therefore neither admit nor deny the same.

49. Union defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in ¶ "49" of the complaint, and therefore neither admit nor deny the same.

50. Union defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in ¶ "50" of the complaint, and therefore neither admit nor deny the same.

NYC Legal/68284

51. Union defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in ¶ "51" of the complaint, and therefore neither admit nor deny the same.

52. Union defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in ¶ "52" of the complaint, and therefore neither admit nor deny the same.

53. Union defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in ¶ "53" of the complaint, and therefore neither admit nor deny the same.

54. Union defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in ¶ "54" of the complaint, and therefore neither admit nor deny the same.

55. Union defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in ¶ "55" of the complaint, and therefore neither admit nor deny the same.

56. Union defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in ¶ "56" of the complaint, and therefore neither admit nor deny the same.

57. Union defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in ¶ "57" of the complaint, and therefore neither admit nor deny the same.

58. Union defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in ¶ "58" of the complaint, and therefore neither admit nor deny the same.

59. Union defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in ¶ "59" of the complaint, and therefore neither admit nor deny the same.

60. Union defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in ¶ "60" of the complaint, and therefore neither admit nor deny the same.

61. Union defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in ¶ "61" of the complaint, and therefore neither admit nor deny the same.

62. Admit that defendant Reiskin was at a meeting with the identified individuals on May 31, 2001; deny the remaining allegations of ¶ "62" of the complaint.

63. Union defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in ¶ "63" of the complaint, and therefore neither admit nor deny the same.

64. Union defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in ¶ "64" of the complaint, and therefore neither admit nor deny the same.

65. Deny.

66. Deny.

67. Deny.

68. Union defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in ¶ "68" of the complaint, and therefore neither admit nor deny the same.

69. Union defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in ¶ "69" of the complaint, and therefore neither admit nor deny the same.

70. Deny.

71. Union defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in ¶ "71" of the complaint, and therefore neither admit nor deny the same.

72. Union defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in ¶ "72" of the complaint, and therefore neither admit nor deny the same.

73. Union defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in ¶ "73" of the complaint, and therefore neither admit nor deny the same.

74. Union defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in ¶ "74" of the complaint, and therefore neither admit nor deny the same.

75. Union defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in ¶ "75" of the complaint, and therefore neither admit nor deny the same.

76. Union defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in ¶ "76" of the complaint, and therefore neither admit nor deny the same.

77. As and for a response to the averments contained in ¶ "77" of the complaint, defendants repeat and restate their responses to the averments contained above, with the same force and effect as if more fully set forth herein.

78. Union defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in ¶ "78" of the complaint, and therefore neither admit nor deny the same.

79. Union defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in ¶ "79" of the complaint, and therefore neither admit nor deny the same.

80. Union defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in ¶ "80" of the complaint, and therefore neither admit nor deny the same.

81. Union defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in ¶ "81" of the complaint, and therefore neither admit nor deny the same.

82. Deny.

83. Deny.

84. Deny.

85. Union defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in ¶ "85" of the complaint, and therefore neither admit nor deny the same.

86. Union defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in ¶ "86" of the complaint, and therefore neither admit nor deny the same.

87. Deny.

88. Deny.

89. Union defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in ¶ "89" of the complaint, and therefore neither admit nor deny the same.

90. Deny.

91. Deny.

92. Deny.

93. Union defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in ¶ "93" of the complaint, and therefore neither admit nor deny the same.

94. The allegations of ¶94 of the complaint do not call for an answer by union defendants and union defendants therefore neither admit nor deny the same.

95. Deny.

96. Deny.

97. Deny.

NYC Legal/68284

98. The allegations of ¶ "98" of the complaint do not call for an answer by union defendants, and union defendants therefore neither admit nor deny the same.

99. Union defendants repeat the answers given in ¶ "1 - 99" of the complaint as if fully set forth herein.

100. Admit.

101. The allegations of ¶"101" of the complaint do not call for an answer by the union defendants and union defendants therefore neither admit nor deny the same.

102. Union defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in ¶ "102" of the complaint, and therefore neither admit nor deny the same.

103. The allegations of ¶ "103" of the complaint do not call for an answer by the union defendants and union defendants therefore neither admit nor deny the same.

104. Deny.

105. Deny.

106. Deny.

107. Deny.

108. As and for a response to the averments contained in ¶ "108" of the complaint, defendants repeat and restate their responses to the averments contained above, with the same force and effect as if more fully set forth herein.

109. The allegations of ¶ "109" of the complaint do not call for an answer by union defendants and union defendants therefore neither admit nor deny the same.

110. Union defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in ¶ "110" of the complaint, and therefore neither admit nor deny the same.

111. Union defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in ¶ "111" of the complaint, and therefore neither admit nor deny the same.

112. Deny.

113. Deny.

114. The allegations of ¶ "114" are not addressed to the union defendants, as union defendants have no authority to take any action alleged in ¶ "114", and union defendants therefore neither admit nor deny the same.

115. As and for a response to the averments contained in ¶ "115" of the complaint, defendants repeat and restate their responses to the averments contained above, with the same force and effect as if more fully set forth herein.

116. Deny.

117. Union defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in ¶ "117" of the complaint, and therefore neither admit nor deny the same.

118. Deny.

119. Deny.

120. Deny.

121. Deny.

122. As and for a response to the averments contained in ¶ "122" of the complaint, defendants repeat and restate their responses to the averments contained above, with the same force and effect as if more fully set forth herein.

123. Admit.

124. Deny.

125. Deny.

126. Deny.

127. Deny.

128. As and for a response to the averments contained in ¶ "128" of the complaint, defendants repeat and restate their responses to the averments contained above, with the same force and effect as if more fully set forth herein.

129. Deny.

130. Deny.

131. Deny.

132. Deny.

133. Deny.

134. Deny.

135. Deny.

136. Deny.

137. As and for a response to the averments contained in ¶ "137" of the complaint, defendants repeat and restate their responses to the averments contained above, with the same force and effect as if more fully set forth herein.

138. Deny.

NYC Legal/68284

139. Deny.

140. As and for a response to the averments contained in ¶ "140" of the complaint, defendants repeat and restate their responses to the averments contained above, with the same force and effect as if more fully set forth herein.

141. Deny.

142. Deny.

143. Deny.

144. As and for a response to the averments contained in ¶ "144" of the complaint, defendants repeat and restate their responses to the averments contained above, with the same force and effect as if more fully set forth herein.

145. Deny.

146. Deny.

147. Deny.

148. Deny.

149. As and for a response to the averments contained in ¶ "149" of the complaint, defendants repeat and restate their responses to the averments contained above, with the same force and effect as if more fully set forth herein.

150. Deny.

151. Deny.

152. Deny.

153. Deny.

154. Deny.

**FIRST AFFIRMATIVE DEFENSE**

155.    Defendant Marvin Reiskin is immune from personal liability.

## SECOND AFFIRMATIVE DEFENSE

156.    Plaintiff's claims are barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

157.    Plaintiff has failed to state a claim upon which relief can be granted

## FOURTH AFFIRMATIVE DEFENSE

158.    Plaintiff has failed to mitigate his damages.

## FIFTH AFFIRMATIVE DEFENSE

159.    Plaintiff fails to plead the defamatory words complained of in his causes of action one and four required by CPLR §3016(a).

## SIXTH AFFIRMATIVE DEFENSE

160.    Plaintiff fails to plead special damages.

WHEREFORE, defendants request that the complaint be dismissed in its entirety, together with such other and further relief the Court deems just and proper.

October 30, 2002

Respectfully submitted,

JAMES R. SANDNER, ESQ. (0360)
Attorney for UFT and Marvin Reiskin

By: _____
CONRAD W. LOWER, ESQ. (CWL 5737)
260 Park Avenue South
New York, NY 10010-7214

CONRAD W. LOWER, ESQ.
NEIL J. DUDICH, ESQ.
Of Counsel

NYC Legal/68284