UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
RICHARD WOLIN,

        Plaintiff,

        -v-                                      **DECLARATION OF MARVIN REISKIN IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

THE NEW YORK CITY BOARD OF EDUCATION,
THE CITY OF NEW YORK, AND JOHN Q. ADAMS,
NEAL OPROMALLA, THOMAS W. HYLAND
VINCENT GRIPPO, THOMAS PENNELL AND
THERESA EUROPE Individually and as employees,    CV-02-3119 (CPS) (MDG)
UNITED FEDERATION OF TEACHERS, and
MARVIN REISKIN, individually and as a representative,

        Defendants.
-------------------------------------------------------------------------X

        MARVIN REISKIN, pursuant to 28 U.S.C. §1746, declares under penalty of perjury that the following is true and correct:

        1.      I am an employee of the defendant United Federation of Teachers (UFT) and a named defendant in the above-captioned action. I submit this declaration to provide the Court with the factual basis supporting the union defendant's opposition to plaintiff's motion to compel production of certain documents. I understand that the documents in dispute involve plaintiff's request for UFT-wide records, as well as a broad spectrum of UFT records concerning members employed by the Board of Education in Community School District 20 (CSD20).

        2.      On a UFT-wide basis, plaintiff seeks documents relating to "communications" since 1996 concerning union member drug use or dependency, or participation in a drug rehabilitation program (Requests 6, 7.e); adverse employment actions taken against a union member where an allegation of drug use or dependency or participation in a drug treatment or rehabilitation program has been made (Requests 21, 38); and union members' complaints, lawsuits and claims against the UFT alleging disability related discrimination or constitutional violations (Requests 35-37).

3. Plaintiff also seeks broad discovery of documents about members employed by the Board in CSD20. Specifically, plaintiff seeks documents relating to absenteeism (Requests 2, 3, 40); "the placement, transfer, reassignment or hiring of employees" for a six year period (Request 20.c); teachers "subjected to discipline or adverse employment action" for any reason (Request 22.h); and teachers removed from teacher duties and reassigned to the District Office (Request 22.k).

4. The following information concerns the time frame relevant to the litigation, i.e. prior to June 2001. Plaintiff Wolin was employed in IS 187, an intermediate school in CSD 20. CSD20 is one of 32 community school districts containing the majority of the elementary and middle schools of the New York City Board of Education. CSD 20 is a geographic unit composed of 29 schools, located in the neighborhoods of Bay Ridge, Bensonhurst, Borough Park and Dyker Heights in Brooklyn. There are approximately 2,500 teachers in CSD 20, out of a total of approximately 80,000 teachers represented by the UFT city-wide. CSD 20 is administered by a Superintendent, who is responsible solely for schools in CSD 20.

5. The UFT's representational structure corresponds in large measure to the geographical structure of the Board of Education. The union's members in a community school district are represented by a single District Representative responsible solely for the members in that community school district. The exceptions are members employed in schools serving special education students assigned to a city-wide district known as District 75, and members employed in high schools. High School teachers are represented in separate borough-wide high school units, and District 75 members are represented by a separate District Representative.

6. For the past 22 years, I have been the UFT District Representative for the union's members employed in CSD20. My primary responsibilities are advising members and responding to their inquiries, representing members who have pursued a grievance to Step II of the contractual

grievance procedure, and representing members in meetings called by CSD 20 administrators for the purpose of investigating the member's conduct.

7.  In the case at bar, the Superintendent of CSD20, defendant Vincent Grippo, took action terminating plaintiff's employment effective the end of June, 2001. This was effected by: 1) issuing plaintiff an unsatisfactory annual rating, known as a "u-rating"; 2) advising plaintiff of his termination by letter; and 3) placing plaintiff's name on the Board of Education's "Ineligible Inquiry List" (hereafter referred to as the List). Placement on the List assures that no other Community School District or office of the Board of Education will hire plaintiff in the future. Since plaintiff was not a tenured employee, he was not entitled to the protections of Education Law Section 3020-a prior to being terminated.

8.  A non-tenured teacher such as plaintiff is entitled to challenge the actions of the Superintendent in one or both of two ways. First, the member may challenge the u-rating before a Board-appointed hearing officer. The UFT provides the teacher with a representative for such challenges. Second, the member may challenge his placement on the List by demanding a hearing pursuant to Chancellor's Circular 31. The UFT provided an attorney at no cost to a member who wished to pursue a challenge under Circular 31.

9.  In the case at bar, plaintiff was provided with UFT representative Ellen Sherman to represent him in his challenge to the u-rating. Plaintiff makes no claim that Ms. Sherman's representation was deficient in any respect. As District Representative, I may assist an employee fill out the paperwork for the u-rating appeal, but I otherwise have no involvement in the proceeding.

10. Plaintiff was also provided with an attorney at no cost to plaintiff for the Circular 31 proceeding to challenge his placement on the List and resulting ban from future employment with the Board of Education. Plaintiff makes no allegation that the UFT-provided attorney's representation was

deficient in any respect. As District Representative, I may assist an employee fill out the paperwork for the Circular 31R appeal, but I otherwise have no involvement in the proceeding.

  11. Under the collective bargaining agreement between the UFT and the Board of Education, a union member may file a grievance over Board of Education actions which he feels are in violation of his rights. The contract calls for the filing of the grievance at Step I with the member's supervisor. If unsatisfied with the response, the member may pursue the grievance to Step II, which involves a meeting and decision by the Superintendent or his designee. Thereafter, the UFT may pursue any grievance to Step III, which provides for a decision by the Chancellor, and ultimately to final and binding arbitration. As District Representative, I am responsible for representing employees at Step II of the grievance procedure.

  12. To my knowledge, plaintiff has never sought to grieve any dispute with the Board of Education.

  13. The UFT does not discipline, terminate, place, reassign, hire or transfer teachers teachers in CSD20. These are actions of the Board of Education. If a member wishes to challenge a decision by the Board of Education, the UFT offers advice and, if the disputed action constitutes a violation of the collective bargaining agreement, the UFT offers representation in a proceeding to challenge the decision.

Dated: April 28, 2003
  Brooklyn, New York

                _____
                 Marvin Reiskin