BERANBAUM MENKEM BEN-ASHER & BIERMAN, LLP
80 Pine Street, 32nd Flr.
New York, New York 10005
212-509-1616

Attorneys for Plaintiff Brian Wolin as Administrator
of the Estate of Richard Wolin

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
**BRIAN WOLIN AS ADMINISTRATOR OF
THE ESTATE OF RICHARD WOLIN**,                                          :

            Plaintiff,       :Index No.
                             CV-02-3119(CPS)(MDG)

                             **PLAINTIFF'S
                             MEMORANDUM OF LAW
                             IN SUPPORT OF
                             OBJECTIONS TO
                             ORDER OF
                             MAGISTRATE MARILYN
                             D. GO DATED
                             <u>SEPTEMBER 8, 2004</u>**

     -v-                                                       :

                                                                   :

**THE NEW YORK CITY BOARD OF EDUCATION,
THE CITY OF NEW YORK, AND JOHN Q. ADAMS,
NEAL OPROMALLA , THOMAS W. HYLAND
VINCENT GRIPPO, THOMAS PENNELL AND
THERESA EUROPE Individually and as employees,
UNITED FEDERATION OF TEACHERS, and
MARVIN REISKIN, individually and as a representative.**

            Defendants.       :
-----------------------------------------------------------------------X

˘1˘

## INTRODUCTORY STATEMENT

Pursuant to Federal Rule of Civil Procedure 72(a), Plaintiff submits this Memorandum of Law in support of his objection to Magistrate Marilyn D. Go's September 8, 2004 Order denying plaintiff's motion for an order pursuant to Rule 37 of the Federal Rules of Civil Procedure.

Plaintiff objects to the Magistrates September 8, 2004 order ("Order") denying the Plaintiff any relief in connection with the Rule 37 motion for an order striking the answer of the City Defendants and granting plaintiff judgment on the causes of action stated, or, in the alternative, precluding City Defendants' defenses or precluding them from introducing evidence in opposition on various claims, or, in the alternative, compelling City Defendants to comply with the prior discovery orders of the Court, and awarding Plaintiff reasonable attorneys fees and costs. As is stated below, it is respectfully submitted that the Order was both clearly erroneous and contrary to law, and is contrary to the policies and intent undergirding Rule 37, as well as Rules 26, 30, 32, 33 and 34 of the Fed. R. Civ. Proc.

## STATEMENT OF FACTS

The Court is respectfully referred to the Declaration of Mark H. Bierman submitted in support of Plaintiff's Rule 37 motion (Court Docket Item Nos. 50 and 52) and Plaintiff's Memorandum of Law in Support of Plaintiff's Rule 37 Motion (Court Docket Item No. 51) for a detailed statement of the applicable facts and underlying claims, the discovery not complied with, and the repeated defaults by

City Defendants, the and law underlying the Plaintiff's motion.

Plaintiff has alleged that the City Defendants, in terminating Wolin on account of his disability, violated his rights under various state and federal civil rights laws and violated certain constitutional rights. Plaintiff asserts that City Defendants also violated his rights under the Family Emergency and Medical Leave Act, and are otherwise liable for damages caused the Plaintiff under various common law claims. Plaintiff further asserts that the City Defendants conspired with the UFT Defendants and others to target the Plaintiff for dismissal on account of his disability involving a past drug dependency.

Plaintiff 's document demands, request for interrogatories, and various deposition notices were served on the City Defendants on November 27, 2002. As is more fully detailed in the declaration of Mark H. Bierman submitted in support of plaintiff's Rule 37 motion (Court Docket Item No. 51-53), the City Defendants in this litigation have evinced a pattern of broken promises to comply with disclosure, and have violated five separate orders of this Court directing compliance with disclosure, to wit, April 21, 2003, February 25, 2004, April 2, 2004, May 24, 2004, and June 3, 2004.

Although directed to produce documents on a "rolling basis" as required by the Court's February 25, 2004 Order, and to respond to plaintiff's interrogatories by a date certain, City Defendants failed to produce any documents or interrogatory responses as required by that order, and did not seek

any extensions or offer any explanations for their default until after the deadline had passed. This despite the fact that the Court had made clear in its February 25, 2004 Order that the Court had "lost patience" with the City Defendants' repeated failures to comply with discovery.

Then, when the Court, in its April 2, 2004 Order gave City Defendants yet another chance to comply, and again directed City Defendants to produce the documents on a "rolling basis", City Defendants again defaulted and failed to produce any of the discovery ordered to be produced. Despite the passage of months with no further discovery being provided by the City Defendants after the April 2, 2004 Order, City Defendants made no application for any further extensions and offered no explanations for their continued default under the Court's prior orders.

At a conference scheduled by the Court in response to plaintiff's previous application to strike City Defendants' answer, the Court, over plaintiff's objection, and in the absence of any prior application by City Defendants, by order dated June 3, 2004 gave the City defendants a fourth and, what the Court stated to be, "final" extension of their time to comply. City Defendants defaulted in complying with that final extension order as well. Now, nearly two years after plaintiff's discovery demands were served, no answers to plaintiff's interrogatories have been received, essential documents have not been produced as detailed in the Declaration of Mark H. Bierman in support of the motion, and plaintiff has been

unable to conduct depositions both as a result of the failure of compliance with discovery and the failure to provide dates for depositions.

City Defendants have, through their dilatory and obstructive conduct made this litigation difficult, expensive, protracted and they have effectively prevented plaintiff from discovering critical and fundamental facts that go to the very heart of this litigation.  City Defendants have made misleading claims throughout this litigation as to their intention to comply with discovery, and have misrepresented their intentions to the Court regarding intended compliance in order to obtain otherwise undeserved extensions. In a word, City Defendants have made it impossible for plaintiff's to effectively prosecute this case.

Plaintiff was forced to make application after application to the Court for relief. Now, after multiple orders directing City Defendants to comply with disclosure, and despite the Court having made clear in the last order that City Defendants were being granted one final extension in response to plaintiff's previous application to strike City Defendants' pleadings, City Defendants failed to comply and failed to seek and extensions.

Plaintiff's were then forced to expend considerable time, resources and effort in  again moving for the relief requested in Plaintiff's Rule 37 motion. Although City defendants failed to file papers in opposition as required by the rules of this court, and admitted at argument before Magistrate Go that they had not complied with her  prior orders and had not sought any extensions of the time

to comply, Magistrate Go denied Plaintiff's Rule 37 motion.

## STANDARD OF REVIEW

Pursuant to Rule 72(a), the Court may modify or set aside any portion of a magistrate judge's order that is "clearly erroneous or contrary to law." *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522 (2nd Cir., 1990) A District Court judge's review of a magistrate's determination is *de novo.* 28 U.S.C.A. §636(b)(1)(C). A magistrate's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure. *Pisacane v. Enichem America, Inc.*, 1996 U.S. District LEXIS 9755, 1996 WL 391865, 94 Civ. 7843 (S.D.N.Y. July 12, 1996). An order is "clearly erroneous" when the Court is left with the definite and firm conviction that a mistake has been committed. *Easley v. Cromartie,* 532 U.S. 234, 242, 149 L. Ed. 2d 430, 121 S. Ct. 1452 (2001) (quoting *United States v. United Gypsum Co.,* 333 U.S. 364, 395, 92 L. Ed. 746, 68 S. Ct. 525 (1948)).

## ARGUMENT

**THE SEPTEMBER 8 ORDER OF THE MAGISTRATE IS CONTRARY TO LAW, CLEARLY ERRONEOUS, AND FAILS TO ACCORD PLAINTIFF RELIEF AS CONTEMPLATED BY THE FEDERAL RULES.**

As is more fully set forth in Plaintiff's memorandum of law in support of the motion Rule 37 of the Fed. R. Civ. Proc. provide for sanctions against a party who fails to comply with an order of the discovery. Rule 37(b)(2)

also requires the Court to impose costs and attorneys fees caused by the failure to comply unless "the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust".

Although the Magistrate found that the Defendants had failed to timely comply with the Court's orders, the Magistrate failed to afford Plaintiff any meaningful relief as contemplated under Rule 37, despite Defendants' failure to comply with four prior discovery orders and its having defaulted in answering the motion. The only relief granted by the Magistrate was awarding plaintiff the token sum of $500.00 in legal fees as sanctions for the Defendants failure to comply with the Court's discovery orders.

It is well settled that:

> The discovery provisions of the Federal Rules of Civil Procedure are ͨdesigned to achieve disclosure of all the evidence relevant to the merits of a controversy.ͨ *Thomas E. Hoar,* 882 F.2d at 687; *see also* Fed. R. Civ. P. 26(b)(1). It is intended that this disclosure of evidence proceed at the initiative of the parties, free from the time-consuming and costly process of court intervention. *See Thomas E. Hoar,* 882 F.2d at 687; *see also* Advisory Committee's Explanatory Statement Concerning Amendments of the Discovery Rules, 48 F.R.D. 487, 488 (1970). When a party seeks to frustrate this design by disobeying discovery orders, thereby preventing disclosure of facts essential to an adjudication on the merits, severe sanctions are appropriate. *See National Hockey League [v. Metropolitan Hockey Club, Inc.],* 427 U.S. at 643 (availability of severe sanctions necessary both to penalize recalcitrant parties and deter others from similar conduct); *see generally Update Art, Inc. v. Modiin Publishing, Ltd.,* 843 F.2d 67, 73, 6 U.S.P.Q.2D (BNA) 1784 ) (2d Cir. 1988) (compliance with discovery orders ͨnecessary to the integrity of our judicial processͨ).

*Daval Steel Products, Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d

1357 (1991) citing *John B. Hull, Inc. v. Waterbury Petroleum Products, Inc.* 845 F.2d 1172 at 1176-77 (2nd Cir., 1988); *Update Art v. Modiin Publishing, Ltd,* 843 F.2d 67 at 71 (2nd Cir., 1988). Also see *Baba v. Japan Travel Bureau Int'l, Inc.*, 111 F.3d 2, 5 (2d Cir. 1997); *Jones v. Uris Sales Corp.*, 373 F.2d 644, (2nd Cir.,1967). It should be noted that Defendants did not file objections to or otherwise appeal from any of the discovery orders issued in this case.

As the Second Circuit held in *Bambu Sales v. Ozak Trading, Inc.,* 58 F.3d 849 (2nd Cir., 1995):

> Although entry of a default judgment is an extreme measure, discovery orders are meant to be followed. ҫA party who flouts such orders does so at his peril.ҫ Update Art, 843 F.2d at 73. Defendants rolled the dice on the district court's tolerance for deliberate obstruction, and they lost. We have no intention of letting them return to the table. ҫIf one suggests that our decision today is strong medicine, that is precisely what it is intended to be.ҫ Id. This is not the first time such potent medicine has been prescribed. See, e.g., National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 640, 49 L. Ed. 2d 747, 96 S. Ct. 2778 (1976) (per curiam) (refusal for 17 months to answer ҫcrucialҫ interrogatories); Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 666 (2d Cir. 1980) (doing ҫabsolutely nothing at allҫ to comply with court orders to pursue discovery and prepare case for trial); Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062 (2d Cir. 1979) (refusal for three years to comply with specific court orders to answer interrogatories on damages); Independent Investor Protective League v. Touche Ross & Co., 607 F.2d 530, 25 Fed. R. Serv. 2d (Callaghan) 222 (2d Cir. 1978) (failing for many months to comply with repeated court orders to answer critical interrogatories).

It is respectfully submitted that the Magistrate's order, under these undisputed facts and circumstances, cannot be reconciled with Rule 37 and the

˘8˘

fundamental concepts and the concerns that led to that rule's adoption in its present form[1]. Under the Magistrate's order, there is no genuine relief granted to the Plaintiff in the face of such defaults by the City Defendants, and the sanctions awarded, rather than acting as a deterrent, in reality act as an invitation to further disregard of the Federal Rules and the Court's orders. Indeed, under the Magistrate's order, it was more cost effective for the City Defendants to simply default on the motion than to expend any of their own resources and the many hours of legal time that would have been necessary to oppose it.

The result of the repeated opportunities afforded City Defendants to comply with discovery despite their continuing defaults and violations of court orders, is precisely what the appeals courts have warned about. For example, in *Cine Forty-Second Street Theatre Corp. v. Allied Artists Picture*, 602 F.2d 1062 (2nd Cir., 1979), the court observed;

> Furthermore, c(i)f parties are allowed to flout their obligations, choosing

---

[1] As the result of similar conduct by the Board of Education in a state case, a state appeals court struck Board's answer under a parallel state discovery enforcement provision. See *Mendez v. City of New York*, 7 A.D.3d 766, 778 N.Y.S.2d 501 (2nd Dept., 2004)

> to wait to make a response until a trial court has lost patience with them, the effect will be to embroil trial judges in day-to-day supervision of discovery, a result directly contrary to the overall scheme of the federal discovery rules,ͨ Dellums, supra, 184 U.S.App.D.C. at 343-44, 566 F.2d at 235-36. Moreover, as we have indicated, compulsion of performance in the particular case at hand is not the sole function of Rule 37 sanctions. Under the deterrence principle of National Hockey, plaintiff's hopelessly belated compliance should not be accorded great weight. Any other conclusion would encourage dilatory tactics, and compliance with discovery orders would come only when the backs of counsel and the litigants were against the wall.

*Also see, National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 49 L. Ed. 2d 747, 96 S. Ct. 2778 (1976);

The Second Circuit has continued to be resolute in this position :

> We previously have expressed our belief in the importance of appropriate sanctions as a necessary means of dealing with a recusant party.*Cine, supra*, 602 F.2d at 1063-64. As we stated then, and reaffirm now, although preclusion of evidence and dismissal of the action are harsh remedies and should be imposed only in rare situations, they are necessary to achieve the purpose of Rule 37 as a credible deterrent ͨrather than a 'paper tiger'ͨ. *Id.* at 1064 (quoting Rosenberg, *New Philosophy of Sanctions*, in Federal Discovery Rules Sourcebook 141 (W. Treadwell ed. 1972)).

*Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67 (2nd Cir, 1993)

The concern that both the Supreme Court and the Second Circuit have repeatedly expressed, that Rule 37, unless enforced, will become a meaningless rule thereby undercutting its purpose of eliminating the burden on parties of long, protracted and expensive litigation, and encouraging non-compliance with the Federal Rules, is abundantly demonstrated in this case. City Defendants have ignored with impunity the rules of this court, as well as four separate discovery orders without any genuine

penalty or sanction. This conduct has imposed a heavy and costly burden on the plaintiff in trying to advance this litigation. Then, after nearly two years of failing to comply with discovery demands or four previous orders of this Court and then defaulting on the Rule 37 motion, the sole penalty meted out by the Magistrate is $500.00 to the Plaintiff.

It is respectfully submitted that the absence of any genuine penalty for City Defendants having repeatedly defaulted in meeting the requirements of numerous discovery orders, and the denial of Plaintiff's motion, even upon City Defendants default, is so at odds with the Federal Rules and the principles set forth in the controlling case law, as to make the denial of any relief in the face of such defaults, clearly erroneous and contrary to law. Indeed, the Magistrate stated on the record at the time that this motion was heard, that there was no valid excuse for City defendants default, and specifically found in her order that the defendants had exhibited a "history of the said defendants' failure to comply with discovery requests and orders in a timely fashion***".

Moreover, Rule 37 mandates that the party seeking enforcement be awarded reasonable attorneys fees and costs in having to make the motion unless the opposing party makes certain showings. Here, no such showings were made; indeed, the Defendants' failed to file papers in opposition to the motion. As is set forth in the Declaration of Mark H. Bierman, approximately 23 hours were expended by plaintiff's attorney on that motion and in trying to secure compliance after the default in compliance with the last extension order.

It is respectfully submitted that the Magistrate's order not only is contrary to the intent and purpose of Rule 37, and is clearly erroneous under the facts of this case, but the denial of the motion and the meager fee award, in fact serves only to encourage the very conduct that the Federal Rules were designed to curb. It is, therefore, respectfully submitted that these facts should lead this Court to the "definite and firm conviction that a mistake has been committed".

## **CONCLUSION**

For the foregoing reasons, the Magistrate's September 8, 2004 Order is clearly erroneous and contrary to law, in that it fails to afford the Plaintiff any meaningful relief as contemplated under Rule 37, despite the Defendants' failure to comply with discovery as ordered in four prior court orders. Therefore, the Magistrate's September 8, 2004 Order should be vacated to the extent that it denied Plaintiff's Rule 37 motion, and Plaintiff should be granted relief as requested in that motion.

Dated: New York, New York
September 17, 2004

       Beranbaum Menken Ben-Asher & Bierman, LLP
       By: _____
        Mark H. Bierman (MB 4696)
        Attorneys for Plaintiff
        3 New York Plaza
        New York, NY  10004
        212-509-1616