UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

ESTATE OF RICHARD WOLIN,

                              Plaintiff,

      -against-

THE NEW YORK CITY BOARD OF EDUCATION,
THE CITY OF NEW YORK, AND JOHN Q. ADAMS,
NEAL OPROMALLA, THOMAS W. HYLAND
VINCENT GRIPPO, THOMAS PENNELL AND
THERESA EUROPE Individually and as employees,
UNITED FEDERATION OF TEACHERS, and
MARVIN REISKIN, individually and as a representative,

                              Defendants.

------------------------------------------------------------------ x

02 Cv. 3119
(CPS)(MDG)

**STIPULATION AND ORDER**

FILED IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D. N.Y.
★ JAN 6 2005 ★
TIME A.M. _____
P.M. _____

ORIGINAL

**WHEREAS**, Richard Wolin ("Wolin") commenced this action on or about May 28, 2002, alleging that defendants violated his civil rights;

**WHEREAS**, Brian Wolin was duly appointed as the Administrator of the Estate of Richard Wolin ("plaintiff") and the Estate of Richard Wolin was heretofore substituted as the plaintiff herein upon the death of Richard Wolin;

**WHEREAS**, defendants have denied any and all liability arising out of plaintiff's allegations; and,

**WHEREAS**, the parties now desire to resolve the issues presented in this action without further proceeding, and without admitting any fault or liability;

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by the undersigned, as follows:

1. In consideration for and subject to the terms and conditions of this stipulation, and subject to approval of this Stipulation by the Surrogate of the State of New York ("Surrogate") as provided in paragraph 17 of this stipulation, the above-referenced action is dismissed, with prejudice, and without costs, expenses, or fees in excess of the amount specified in paragraphs "2", "3" and "11" below, except that plaintiff may reopen and restore this action, as if such dismissal had never occurred, pursuant to the terms set forth in paragraph "11", "12" and "13" below.

2. Defendant New York City Board of Education ("Board of Education" or "BOE"), agrees as follows:

    A. To take immediate steps to restore Wolin to the BOE's payroll retroactive from the date of his termination of employment, June 19, 2001, through August 30, 2003.

    B. In connection with, and as a result of, that restoration, the BOE shall pay plaintiff back pay as follows:

    (1) For the school year September 1, 2001- August 30, 2002, plaintiff will receive back pay in the gross amount of $28,341.00 ($36,937.00 in salary minus $8,632.00 received by Wolin in unemployment compensation), less applicable federal, state and local taxes; and,

    (2) For the school year September 1, 2002-August 30, 2003, plaintiff will receive back pay in the gross amount of $40,225.00, less applicable federal, state and local taxes.

  C. It being the parties understanding that, as a result of this settlement and as a part hereof, all benefits due under BERS on Wolin's account will be paid, BOE will timely provide the Board of Education Retirement System ("BERS") with a revised service record for Wolin, reflecting additional service and employment with BOE, consistent with the back pay amount, to wit: from August 30, 2001 through August 30, 2003.

3. Defendant United Federation of Teachers ("UFT") shall pay to plaintiff:

  A. The sum of twenty-five thousand dollars ($25,000.00); and,

  B. The UFT Welfare Fund death benefit for Wolin in the amount of $6,000.00.

4. Subject to and in consideration for the above actions and payment of the above sums and benefits, and approval of this Stipulation by the Surrogate, plaintiff agrees to the dismissal with prejudice of all of his claims against all defendants, their successors and assigns, and any and all past or present officials, employees, representatives, or agents of the

UFT, BOE and the City of New York, from any and all liability, claims, or rights of action which plaintiff had or may have against any of the above, based on any act, event, or omission occurring from the beginning of the world up to the date of execution of the general release by the estate of Richard Wolin, including, but not limited to, any and all liability, claims, or rights of actions which were or could have been alleged in this action, including all claims for costs, expenses and attorney's fees, except that plaintiff may reopen and restore this action, as if such dismissal had never occurred, pursuant to the terms set forth in paragraph "11", "12" and "13." Defendants UFT and Marvin Reiskin release Richard Wolin and the Estate of Richard Wolin from all claims from the beginning of time to the date of this stipulation

5. The back pay amounts set forth in paragraph "2B" shall be claimed by and paid to plaintiff, or such person as it may designate, at the City of New York Office of Payroll Administration, upon presentation of the required forms and documentation which are annexed hereto as Exhibit A.

6. The payment, by the UFT, of attorney's fees, set forth in paragraph "3A", and the death benefit, set forth in paragraph "3B", shall be made to plaintiff's counsel Mark H. Bierman, Esq..

7. Plaintiff's counsel waives the monetary sanction imposed upon defendant BOE by Magistrate Judge Marilyn D. Go on September 8, 2004, in the amount of $500.00. Subject to approval of this stipulation as provided in paragraph 17, plaintiff withdraws his objections to Magistrate Marilyn D. Go's Order dated September 8, 2004, however said

objections are preserved in the event that this action is restored.

8. Nothing contained herein shall be deemed to be an admission by any of the defendants that they have in any manner or way violated Wolin's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, the City of New York, or the New York City Board/Department of Education or any other rules, regulations or bylaws of any department or subdivision of the City of New York or the New York City Board/Department of Education.

9. This stipulation and order shall not be admissible in, nor is it related to, any other litigation or settlement negotiations, except that it is admissible for the purposes of enforcing its terms and as may be necessary in the Surrogate Court.

10. Upon approval of this stipulation by the Surrogate, plaintiff shall execute and deliver to defendants' attorneys an Affidavit of No Liens (Exhibit B), and IRS form W-9 executed by plaintiff's counsel, and a general release (Exhibit C) based on the terms of paragraphs "1" through "4" above but excepting the defendants' obligations under this stipulation and any employment benefits that may be otherwise due and payable to plaintiff.

11.     The parties enter into this stipulation with the understanding that as a result of being restored to the active payroll for the dates indicated in paragraph "2" above, a BERS Active Death Benefit, pursuant to New York Retirement and Social Security Law Art. 15, § 606, in the amount of three times his final salary ($120,675.00), plus refund of Wolin's contributions to BERS in the amount of ($4,662.29), and a UFT Welfare Fund Benefit in the amount of six thousand dollars ($6,000.00) are payable. The parties understand that the forms and documentation referenced therein to BERS and the UFT which forms are annexed hereto as Exhibits D and E, respectively are required to be submitted by plaintiff or the beneficiary in order to claim this benefit. While BERS is a separate entity, not a party to this action, the BOE and City represent that they know of no reason why such benefit would not be paid upon the presentation of such forms to BERS. It is expressly understood and agreed that payment by BERS and the UFT of the respective death benefits and payment of the BERS and UFT death benefits as set forth in this stipulation is an essential and material term of this settlement. The BOE and UFT expressly agree that they will make all reasonable efforts to expedite the processing of any paperwork or information that plaintiff, BERS or the UFT Welfare Fund asks the BOE or the UFT to facilitate the payment of the death benefits.

12.     In the event that, despite the submission of the required forms and documents pursuant to paragraph "11," the remuneration as described within this stipulation is not paid, plaintiff is granted leave to reopen and restore this action as if such dismissal had never occurred, within 45 days of receipt by plaintiff's counsel of the denial of either of the death benefits described in paragraphs 2, 3 and 11 of this stipulation. Plaintiff shall not be required

to exhaust any administrative remedies or commence any administrative or judicial proceeding in connection with any such denial of refusal of the BOE, BERS, or the UFT Welfare Fund in order to restore its case.

13. In the event that plaintiff restores this action pursuant to paragraph "12," plaintiff agrees to return all monies actually received from such defendants as this action is restored against, pursuant to this stipulation and order and plaintiff will agree in writing that the date of Wolin's termination from the BOE will be deemed the date of actual termination, pending further litigation. Further, if plaintiff restores against BOE defendants, plaintiff will return to BERS any payment received from BERS. Payments made pursuant to paragraphs 2B and 3A of this stipulation shall be held in the IOLA account of Mark H. Bierman, Esq. until the amounts set forth under paragraphs 3B and 11 of this stipulation are paid, after which time any funds held in escrow may be released. The parties agree that Mark H. Bierman, Esq. shall have the right to continue to represent the plaintiff herein notwithstanding the fact that such funds are being held in escrow as provided for above.

14. Nothing contained herein shall be deemed to constitute a pattern, policy or practice of the City of New York or the BOE.

15. In the event that a taxing authority or Court determines that the payments made by BOE or the UFT pursuant to this Stipulation and Order of Settlement and Dismissal are subject to personal income tax, any taxes, interest or penalties determined to be owed by plaintiff shall be the sole and complete responsibility of plaintiff, and plaintiff shall not have

a claim, right, or cause of action against the UFT, BOE or the City of New York or any of its agencies, departments, or subdivisions, or any former, present, or future officials, agents, employees or representatives of the UFT, BOE or City of New York and/or its agencies, departments, or subdivisions, or their successors and assigns, on account of such taxes. The UFT, DOE, the City of New York, its agencies, departments or subdivisions, and their former, present or future officials, agents, employees, or representatives or their successors and assigns, do not waive any claim that they may have for indemnification or contribution for any taxes, interest or penalties they might incur should any taxing authority proceed against them on account of the payment made under this Stipulation and Order of Dismissal and which plaintiff was obligated by law to pay.

16.     This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

17.     All of the terms, conditions and obligations set forth in this stipulation are, to the extent provided by law, expressly conditioned on and subject to the Surrogate authorizing the plaintiff to enter into this Stipulation and its approval of all of the terms and conditions contained in this Stipulation. It is expressly understood and agreed that Brian Wolin as the Administrator of the Estate of Richard Wolin is signing this stipulation subject to and conditioned upon such authorization and approval by the Surrogate, and

that in the event that such authorization and approval is not given by the Surrogate, this stipulation shall be deemed null and void, and plaintiff is granted leave to reopen and restore this action, as if such dismissal had never occurred, within 45 days of receipt by plaintiff's counsel of the final determination by the state courts denying such authorization and/or approval.

Dated: New York, New York
December 23, 2004

_____
BRIAN WOLIN, as representative for
the ESTATE OF RICHARD WOLIN

BERANBAUM, MENKEN, BEN-ASHER
& BIERMAN, LLP
Attorneys for Plaintiff
80 Pine Street
New York, New York 10004
Phone: 212-509-1616

By: _____
Mark H. Bierman (MB 4696)

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for the Defendant
New York City Board/Department of Education,
The City of New York, and John Q. Adams,
Neal Opromalla, Thomas W. Hyland
Vincent Grippo, Thomas Pennell and
Theresa Europe
100 Church Street
New York, New York 10007
Phone: 212-788-0780

BY: _____
Chad I. Rosenthal (CR 3911)
Assistant Corporation Counsel

JAMES R. SANDER, ESQ.
Attorney for The United Federation of Teachers
and Marvin Reiskin
52 Broadway, 9th Floor
New York, New York 10004
Phone: 212-533-6300

BY: _____
       Christopher Callagy (CC5115)


SO ORDERED: _____
Hon. Charles P. Sifton
U.S.D.J.

Jan 2, 2005